23 F.3d 407
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Joseph HUBBARD, Jr., Plaintiff-Appellant,
v.
Shirley ROESCH, Defendant-Appellee.
 No. 93-4245.
 United States Court of Appeals, Sixth Circuit.
 April 21, 1994.
 
 Before: KENNEDY and NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Joseph Hubbard, Jr., appeals a district court judgment dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Hubbard filed his complaint in the district court alleging that the defendant court reporter transcribed the proceedings in Hubbard's felonious assault trial in a manner which reflects that defendant intentionally misrepresented the proceedings causing Hubbard's criminal appeal to be rejected. Hubbard sought injunctive relief and one million dollars from defendant "in her person and her official position." Defendant proceeding pro se filed an answer to the complaint and a motion for summary judgment. Hubbard responded in opposition to both pleadings, alleging that defendant's actions denied him access to the courts in violation of the First Amendment. The magistrate judge recommended that plaintiff's complaint be dismissed, and plaintiff filed objections. The district court adopted the magistrate judge's recommendation and dismissed the complaint.
 
 
 3
 Upon consideration, we affirm the judgment for reasons other than those stated by the district court. See Jarrett v. Kassel, 972 F.2d 1415, 1429 (6th Cir.1992), cert. denied, 113 S.Ct. 1272 (1993); Boger v. Wayne County, 950 F.2d 316, 322 (6th Cir.1991). Accompanying her motion for summary judgment, defendant filed an affidavit that established the absence of evidence to support Hubbard's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Thereafter, Hubbard did not designate "specific facts showing that there is a genuine issue for trial." Id. at 324 (quoting Fed.R.Civ.P. 56(e)). Hubbard did not show more than a metaphysical doubt as to the material facts. Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Therefore, summary judgment for defendant was proper.
 
 
 4
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.